UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL OKECHUKU,<br><br>    Plaintiff,<br>v.<br><br>SHARP MANAEGEMENT,<br><br>    Defendant. | Civil Action No.: 13-5698<br><br>**OPINION & ORDER** |

**CECCHI, District Judge.**

## I. INTRODUCTION

This matter comes before the Court upon motion of Defendant Sharp Management ("Defendant") to dismiss Plaintiff Michael Okechuku's ("Plaintiff") complaint pursuant to Fed. R. Civ. P. 12(b)(1). [ECF No. 3.] Plaintiff opposes the motion. [ECF No. 4.] No oral argument was heard. See Fed. R. Civ. P. 78. For the reasons set forth below, Defendant's motion is granted.

## II. BACKGROUND

Norman Sheet Metal & Mechanical Corp. ("NSM&M") is a New Jersey corporation with its principal place of business in New Jersey. On October 5, 2010, NSM&M filed a voluntary petition under Chapter 7 of the Bankruptcy Code and, the next day, Plaintiff was appointed Chapter 7 trustee for NSM&M. Plaintiff alleges that NSM&M provided goods and/or services totaling $122,297.68 to Defendant without compensation and, accordingly, demanded this amount from Defendant via letter dated September 12, 2012. On January 9, 2013, Plaintiff filed an adversary complaint in the U.S. Bankruptcy Court for the District of New Jersey seeking, inter alia, the turnover of accounts receivable by Defendant. In June 2013, Defendant filed a

motion to dismiss Plaintiff's adversary complaint in the Bankruptcy Court on permissive abstention and jurisdictional grounds. Plaintiff opposed that motion.

Defendant had also filed a motion to withdraw—which Plaintiff did not oppose—seeking entry of an order by this Court withdrawing reference to the Bankruptcy Court of the adversary proceeding. On March 25, 2014, the Court granted Defendant's motion to withdraw and concomitantly transferred the case to this Court. Defendant then filed the instant motion to dismiss, alleging that the Court does not have subject matter jurisdiction to hear this suit.

### III. LEGAL STANDARD

Federal courts have only limited jurisdiction to entertain certain lawsuits and therefore the party seeking to invoke federal court jurisdiction bears the burden of proving subject matter jurisdiction. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). Federal courts may examine, *sua sponte*, whether subject matter jurisdiction exists in a particular suit, Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010), or a party may challenge subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Here, pursuant to 12(b)(1), Defendant moves to dismiss Plaintiff's complaint for lack of subject matter jurisdiction.

Under Rule 12(b)(1), "the [C]ourt's jurisdiction may be challenged either facially (based on the legal sufficiency of the claim) or factually (based on the sufficiency of a jurisdictional fact)." Ezeiruaku v. Bull, 2014 WL 5587404, at *3 (D.N.J. Nov. 3, 2014) (citing Gould Electronics Inc. v. United States, 220 F.3d 169, 178 (3d Cir.2000)). "The substantive distinction between a facial attack and a factual attack is that in a facial attack the defendant contests the sufficiency of the complaint, while a factual attack challenges the existence in fact of federal subject matter jurisdiction." LaLoup v. United States, 2014 WL 3361804, at *3 (E.D. Pa. July 10, 2014). In considering a facial challenge to subject matter jurisdiction under Rule 12(b)(1), as

2

here, the Court considers "the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." Gould, 220 F.3d at 176; Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir.2006). Accordingly, the complaint must be dismissed if the allegations on the face of the complaint, accepted as true, fail to "allege facts sufficient to invoke the jurisdiction of the district court." Licata v. U.S.P.S., 33 F.3d 259, 206 (3d Cir. 1994).

## IV.   DISCUSSION

Defendant argues that the Court's Order withdrawing reference to the Bankruptcy Court and transferring the adversary proceeding to this Court concomitantly nullified the "related to" jurisdiction conferred by 28 U.S.C. § 1334(b) and 28 U.S.C. § 157 for Bankruptcy Court jurisdiction. (Def.'s Mot. at 2.) Defendant further argues that neither federal question jurisdiction under 28 U.S.C. § 1331, nor diversity jurisdiction under 28 U.S.C. § 1332 exist in this case and therefore Plaintiff's complaint should be dismissed. (Id. at 2-3.) Plaintiff does not seem to dispute that jurisdiction no longer exists under 28 U.S.C. §§ 1334(b), 157 and that subject matter jurisdiction cannot be maintained under federal question jurisdiction.[1] (See Pl.'s Opp'n at 2-6.) Instead, Plaintiff argues that there is diversity of citizenship[2] and, even if there is

---

[1] Under 28 U.S.C. § 1331, "[f]ederal question jurisdiction arises where federal law creates the cause of action, or where the complaint, on its face, poses a federal question." Schneller ex rel. Schneller v. Crozer Chester Med. Ctr., 387 F. App'x 289, 292 (3d Cir. 2010) (citing Club Comanche, Inc. v. Gov't of Virgin Islands, 278 F.3d 250, 259 (3d Cir.2002)); see also Jayme v. MCI Corp., 328 Fed.Appx. 768, 770 (3d Cir. 2008) ("For purposes of federal question jurisdiction, '[a]n action arises under the laws of the United States if and only if the complaint seeks a remedy expressly granted by a federal law or if it requires the construction of a federal statute or a distinctive policy of a federal statute requires the application of federal legal principles for its disposition.'" (citation omitted)); Phillip v. Atl. City Med. Ctr., 861 F. Supp. 2d 459, 466-67 (D.N.J. 2012). The Court agrees with the parties that Plaintiff's complaint, on its face, poses no federal question.

[2] It is unclear whether Plaintiff actually contests Defendant's contention that there is no diversity of citizenship here. (See Pl.'s Opp'n at 5 ("The Defendant attempted to assert that there was no diversity of citizenship between the parties in the Bankruptcy Motion to Dismiss. In response thereto, the Trustee asserted that Defendant had not met its burden of proving that there was not diversity jurisdiction. . . . [G]iven that the Defendant is a limited liability

3

no diversity, "the equities weigh in favor of having this Court adjudicate the matter." (Id. at 6.)

"To establish diversity jurisdiction under 28 U.S.C. § 1332(a), the party asserting jurisdiction must show that there is complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000." Schneller ex rel. Schneller v. Crozer Chester Med. Ctr., 387 F. App'x 289, 292 (3d Cir. 2010). Since the enactment of § 1332, complete diversity of citizenship has been required—i.e., plaintiff and any defendant must be citizens of different states. Carden v. Arkoma Associates, 494 U.S. 185, 187 (1990). Accordingly, a plaintiff asserting federal jurisdiction via diversity of citizenship "'must specifically allege each party's citizenship, and these allegations must show that the plaintiff and defendant[s] are citizens of different states.'" Gay v. Unipack, Inc., 2011 WL 5025116, at *4 (D.N.J. Oct. 20, 2011) (citation omitted); Phillip v. Atl. City Med. Ctr., 861 F. Supp. 2d 459, 467 (D.N.J. 2012). When the defendant, as here, is a Limited Liability Corporation ("LLC"), "the citizenship [] is determined by the citizenship of [each of] its members." Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010)).

Here, NSM&M, on whose behalf Plaintiff filed the complaint, is a citizen of New Jersey. (Pl.'s Opp'n at 2.) Defendant—an LLC—is comprised of two members: Christopher Pompeo (domiciled in New Jersey) and Barbara Marino (domiciled in New York). (Def.'s Mot. at 5.) Because Plaintiff and one member of Defendant share the same state of citizenship,[3] complete

---

company, disclosure of the citizenship of its members was required. Citizenship of a limited liability company is determined by the citizenship of each of its members for purposes of diversity jurisdiction.").) However, for the sake of completeness, the Court shall construe Plaintiff's brief to challenge Defendant on this point.

[3] "Citizenship is synonymous with an individual's domicile." Curley v. Mosier, 2010 WL 2607264, at *2 (D.N.J. June 17, 2010) (citing Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972)); Woodson v. Runyon, 2013 WL 3514421, at *2 (D.N.J. July 11, 2013) ("For purposes of determining diversity, state citizenship is equated with domicile."), aff'd, 537 F. App'x 28 (3d Cir. 2013).

4

diversity is lacking and therefore jurisdiction cannot lie under § 1332. See Zambelli, 592 F.3d at 420.

However, despite a lack of subject matter jurisdiction, Plaintiff argues that the Third Circuit in Zambelli set forth certain "equities" that counsel in favor of retaining jurisdiction here. (Pl.'s Opp'n at 6.) This argument is incongruous with both the age-old concept of subject matter jurisdiction and a plain reading of Zambelli. With respect to the former, "[s]ubject-matter limitations on federal jurisdiction serve institutional interests. They keep the federal courts within the bounds the Constitution and Congress have prescribed." Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999). Thus, "[a] federal court's entertaining a case that is not within its subject matter jurisdiction is no mere technical violation; it is nothing less than an unconstitutional usurpation of state judicial power." Courts of Limited Jurisdiction, 13 Fed. Prac. & Proc. Juris. § 3522 (3d ed.). Allowing a suit to progress absent constitutional and congressional authorization upends 225-year-old precepts of limited federal court jurisdiction.

Plaintiff also misinterprets Zambelli. The Zambelli case involved three parties: plaintiff Zambelli Fireworks Manufacturing Co., defendant Pyrotecnico, and defendant Matthew Wood. Zambelli, 592 F.3d at 415. The Zambelli district court had "premised jurisdiction on the diversity of the parties, based on Zambelli's pleading [] that it was a corporate citizen of Pennsylvania, Wood was a citizen of Florida, and Pyrotecnico 'is a Nevada limited liability company with its principal place of business in Nevada.'" Id. at 418.[4] Holding that the

---

[4] At the district court level, the citizenship of the members of Pyrotecnico was not pled. However, in the course of the trial proceedings, the testimony of Stephen Vitale—a Pennsylvania resident employed in Pyrotecnico's New Castle, Pennsylvania headquarters—revealed that Pyrotecnico was a wholly-owned subsidiary of Pyrotecnico of Louisiana, LLC, of which he was the managing member. Based on this record, the Third Circuit *sua sponte* recognized the apparent absence of complete diversity and directed the parties to submit supplemental briefing on the issue. Id. at 418-19.

citizenship of Pyrotechnico, as an LLC, "is determined by the citizenship of its members", the Third Circuit explained that complete diversity was lacking because Zambelli and one of Pyrotechnico's members were both citizens of Pennsylvania.[5] Id. at 420. The issue then became whether the suit should proceed without Pyrotechnico as a party or be dismissed in its entirety. Id. ("Having established that we lack subject matter jurisdiction, all parties agree that the suit cannot proceed with Pyrotecnico as a party."). It was at this point, the Third Circuit noted: "[C]onsiderations of efficiency, fairness, and judicial economy weigh against a wholesale dismissal of the action at this stage." Id. at 420-21. Alternatively, the court explained that "Pyrotecnico is a dispensable party to this action and we will exercise our Rule 21 authority to dismiss Pyrotecnico on appeal, thus restoring complete diversity in this case." Id. at 422.

Plaintiff cites Zambelli for the proposition that a federal court may retain jurisdiction due to "considerations of efficiency, fairness, and judicial economy". (Pl.'s Opp'n at 6.) However, a clear reading of Zambelli demonstrates that such considerations may only come into play when one party to the action "spoils" the otherwise complete diversity of the parties, thus raising the question of whether to dismiss the case wholesale or proceed without the spoiling party. Here, in stark contrast, there is only one plaintiff and only one defendant, and they lack complete diversity. In such a case, a federal court's only option is to dismiss the suit for want of subject matter jurisdiction.

For these reasons, the Court lacks subject matter jurisdiction to hear this dispute.

---

[5] More specifically: "Pyrotecnico, despite being a Nevada limited liability company, has a single member: Pyrotecnico of Louisiana, LLC, a Louisiana limited liability company. Tracing its citizenship through the layers, Pyrotecnico takes on the citizenship of the members of Pyrotecnico of Louisiana, including its managing member Stephen Vitale. Because Stephen Vitale is a resident of New Castle, Pennsylvania, Pyrotecnico is a citizen of Pennsylvania and is not diverse from Zambelli, another citizen of Pennsylvania." Id. at 420.

6

## V.   CONCLUSION

For the reasons set forth above, **IT IS** on this 19th day of December 2014,

**ORDERED** that Defendant's motion to dismiss pursuant to Rule 12(b)(1) [ECF No. 3] is **GRANTED** without prejudice; and it is further

**ORDERED** that the Clerk of the Court shall close this case; and it is further

**ORDERED** that Plaintiff is granted thirty days to file a complaint that cures the pleading deficiencies as set forth by the Court.

_____
**CLAIRE C. CECCHI, U.S.D.J.**
